United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE LEE WILLIAMS,

    Plaintiff,

    v.

MELINDA HAAG,
United States Attorney; et al.,

    Defendants.

No. C 12-3310 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Lawrence Lee Williams, an inmate at the Santa Clara County Jail, filed this action *pro se* under 42 U.S.C. § 1983. He also has filed an *in forma pauperis* application. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

In his complaint, Williams alleges that his legs hurt and that he opposes abortion, so he wants the court to order that both of his legs be amputated and sent to the President as a protest against abortion.

The *in forma pauperis* statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28 U.S.C. § 1915A, accord judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at

328; *see also Andrews v. King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'") .

Within the meaning of the *Neitzke* case, the complaint describes a "fantastic or delusional scenario," and rather than order that the delusional thinker have his legs cut off, this court exercises its power under § 1915(e)(2) and § 1915A to dismiss the frivolous complaint. *See* 28 U.S.C. § 1915(e)(2) (court may dismiss prisoner's *in forma pauperis* complaint as frivolous or malicious or for failure to state a claim); 28 U.S.C. § 1915A (on initial review, court shall dismiss the complaint or any portion of it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted). In the alternative, if the claim is not delusional, it is dismissed because Williams has not alleged a serious medical need as to which defendants are acting with deliberate indifference. Nor has he identified any authority for the proposition that government employees must implement his desired political protest.

Williams' papers mentioned that he has leg pain and that someone replaced his wheelchair with a cane. In light of these allegations, the court will grant leave to amend so that Williams may attempt to allege a claim for deliberate indifference to his medical needs if such a claim exists.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[1] A serious medical need exists when failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

---

[1] It is unclear from the complaint whether Williams was a pretrial detainee or a convict at the relevant times. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

2

serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If Williams wishes to bring such a claim, he must in his amended complaint allege facts showing both a serious medical need and deliberate indifference to it by one or more defendants. He is cautioned that he must link each defendant he seeks to hold liable by identifying each such person by name and explaining what he/she did that caused a violation of William's constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Finally, Williams asks that his problems be presented to a grand jury.[2] Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A private individual does not have Article III standing to compel the grand jury to consider evidence. *See Sargeant v. Dixon*, 130 F.3d 1067 (D. D.C. 1997). Williams has no Article III standing to present evidence to the grand jury. He has no right to be heard by the grand jury as an end to itself. And he has not identified any underlying property or liberty interest in the grand jury proceedings as to which procedural due process protections (such as an opportunity to be heard) would attach.

---

[2] This request is quite similar to that of his jail-mate, Eric Lighter, whose action was referred to in William's complaint. Lighter's action, *In Re Lighter*, N. D. Cal. No. C 12-2802 SI, was dismissed for lack of subject matter jurisdiction.

3

Most notably, Williams has no legal right to initiate or prosecute a criminal charge. *See generally United States v. Navarro-Vargas*, 408 F.3d 1184, 1200 (9th Cir. 2005); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.") The grand jury allegations may not be repeated in the amended complaint.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **August 31, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to file the amended complaint by the deadline will result in the dismissal of the action.

In light of the dismissal with leave to amend, plaintiff's requests to name additional parties (Docket # 8 and # 9) are dismissed as moot.

Williams' request for the court to combine his case with that of Eric Lighter, i.e., Case No. C 12-2802 SI, is DENIED. (Docket # 11.) That case already has been dismissed, and there is no benefit to relating this case to a closed case.

IT IS SO ORDERED.

Dated: July 31, 2012

_____
SUSAN ILLSTON
United States District Judge

4