**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LEE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MELINDA HAAG,<br>United States Attorney; et al.,<br><br>    Defendants.<br>_____/ | No. C 12-3310 SI (pr)<br><br>**ORDER EXTENDING DEADLINE FOR AMENDED COMPLAINT AND DENYING REQUEST FOR COUNSEL** |

    Plaintiff's request for an extension of time to file his amended complaint is GRANTED. (Docket # 21.) Plaintiff must file his amended complaint no later than **October 31, 2012**. No further extensions of this deadline should be expected. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

    After requesting an extension of time, plaintiff filed a request for a stay of proceedings due to an illness for which he was taken to an outside hospital in mid-July. Although his visit to an outside hospital suggests a significant illness, he was back in county jail shortly after being taken to the outside hospital and has filed numerous documents since his return to county jail. A stay of the proceedings is not appropriate because plaintiff has demonstrated his continuing ability to read, write and file documents. Plaintiff's motion for a stay is DENIED. (Docket # 22.) The court has, however, provided a lengthy extension of time for plaintiff to file his amended complaint: by the time the October 31, 2012 deadline arrives, plaintiff will have had

three months to prepare his amended complaint. If plaintiff genuinely feels he is unable to proceed, he may request a voluntary dismissal of this action.

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 17.)

IT IS SO ORDERED.

Dated: September 10, 2012

_____
SUSAN ILLSTON
United States District Judge